UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SARAH ANN Z.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

1:24-CV-00859 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Sarah Ann Z. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 12), and Plaintiff's reply (Dkt. 13). For the reasons discussed below, the Commissioner's motion (Dkt. 12) is granted, and Plaintiff's motion (Dkt. 8) is denied.

## BACKGROUND

Plaintiff protectively filed her application for SSI on January 6, 2022. (Dkt. 6 at 21, 247-53).[1] In her application, Plaintiff alleged disability beginning January 26, 2012. (*Id.*

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

at 21, 247). Plaintiff's application was initially denied on June 24, 2022. (*Id.* at 21, 127). A video hearing was held before administrative law judge ("ALJ") John Benson on November 14, 2023. (*Id.* at 21, 41-62). On February 26, 2024, the ALJ issued an unfavorable decision. (*Id.* at 21-34). Plaintiff requested Appeals Council review; her request was denied on July 15, 2024, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation modified). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation modified); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the

Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*.

§ 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## **DISCUSSION**

### **I. The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 6, 2022, the application date. (Dkt. 6 at 23).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: rheumatoid arthritis, polyarthropathy, and migraines. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of asthma, irritable bowel disease ("IBS"), depressive disorder, and anxiety disorder were non-severe. (*Id.* at 23).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 24). The ALJ particularly considered the criteria of Listings 1.18, 11.02B, and 14.09 in reaching his conclusion. (*Id.* at 24-26).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that:

> she can stand and/or walk for four hours total in an eight-hour workday. She requires the option to change positions at 60-minute intervals that allow her to remain in the new position for up to five minutes before returning to the previous position. She can occasionally climb stairs but can never climb ladders. She can occasionally balance, stoop, kneel, and crouch, but never crawl. She must avoid concentrated exposure to atmospheric conditions, extreme cold or heat, and workplace hazards. She is able to rotate her neck up to 50 percent of the full range of motion. She is able [to] engage in occasional neck flexion and extension of up to 50 percent of full range. She is limited to performing simple tasks.

(*Id.* at 26). At step four, the ALJ found that Plaintiff did not have any past relevant work. (*Id.* at 33).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cashier II, counter attendant, and sales attendant. (*Id.* at 33). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 34).

## II. <u>The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error</u>

Plaintiff asks the Court to reverse or, alternatively, to remand this matter to the Commissioner, arguing that (1) the ALJ's step two finding that Plaintiff's IBS is non-severe is not supported by substantial evidence, and (2) the ALJ's conclusion that Plaintiff's migraines were a severe impairment necessitated an explanation of how they were incorporated in the RFC. (Dkt. 8-1 at 1, 9-14). The Court has considered each of

Plaintiff's arguments and, for the reasons discussed below, finds that they are without merit and that the Commissioner's decision is supported by substantial evidence.

At step two of the disability analysis, the ALJ determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). "The following are examples of 'basic work activities': 'walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling . . . seeing, hearing, and speaking . . . [u]nderstanding, carrying out, and remembering simple instructions . . . [u]se of judgment . . . [r]esponding appropriately to supervision, co-workers and usual work situations.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citations omitted).

"The claimant bears the burden of presenting evidence establishing severity." *Id.* Step two's "severity" requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). However, despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor*, 32 F. Supp. 3d at 265 (quoting *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)). Rather, "to be considered severe, an impairment or combination of impairments must cause 'more than minimal limitations in [a claimant's] ability to perform work-related functions.'" *Windom v. Berryhill*, No. 6:17-CV-06720-

MAT, 2018 WL 4960491, at *3 (W.D.N.Y. Oct. 14, 2018) (quoting *Donahue v. Colvin*, No. 6:17-CV-06838(MAT), 2018 WL 2354986, at *5 (W.D.N.Y. May 24, 2018)).

"When the parties disagree over the effect of the ALJ's failure to include a condition at step two, resolution of this issue comes down to a question of whether there was substantial evidence to support the ALJ's conclusion that [the omitted condition] should not be included as a severe impairment." *Eralte v. Colvin*, No. 14-CV-1745 JCF, 2014 WL 7330441, at *10 (S.D.N.Y. Dec. 23, 2014) (quotation and citation omitted); *see also Cwiklinski v. Comm'r of Soc. Sec.*, No. 18-CV-1204-FPG, 2020 WL 1131223, at *3 (W.D.N.Y. Mar. 9, 2020) ("Where a claimant produces some evidence of an impairment, the Commissioner may conclude that the impairment is non-severe only where the medical evidence 'establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" (quoting SSR 85-28, 1985 WL 56856, at *3 (1985))). However, "any error at step two is rendered harmless when the ALJ finds that a claimant has other severe impairments and proceeds through the later steps of the sequential analysis." *Herman S. v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 190, 197 (W.D.N.Y. 2022); *see also Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding any step two error harmless where ALJ considered the impairments at subsequent steps); *Roane v. O'Malley*, No. 22-CV-10704 (AEK), 2024 WL 1357845, at *5 (S.D.N.Y. Mar. 29, 2024) ("Specifically, '[w]hen an [ALJ] identifies some severe impairments at step two, and then proceeds through the sequential evaluation on the basis of the combined effects of all impairments, including those erroneously found to be non-severe, an error in failing to identify all severe impairments at step two is

harmless.'" (quoting *Girao v. Kijakazi*, No. 22-CV-1419 (JLC), 2023 WL 5312064, at *13 (S.D.N.Y. 2023))).

**A. IBS**

Here, the ALJ found that Plaintiff's IBS was a non-severe impairment. (Dkt. 6 at 23). In arriving at this conclusion, the ALJ stated that Plaintiff's gastrointestinal system was consistently normal and intact and caused no more than minimal symptoms. (*Id.*). Plaintiff argues that this finding is not supported by substantial evidence. The Court disagrees.

The ALJ cited to specific treatment records in support of his conclusions that Plaintiff's gastrointestinal complaints caused only minimal symptoms. (*Id.*). While Plaintiff cites to portions of those records documenting abdominal tenderness or pain, the records do not appear to attribute that pain to Plaintiff's IBS, but rather, largely relate to her rheumatoid arthritis and fibromyalgia pain complaints. And where IBS is mentioned in the treatment records, it is generally reflected as IBS characterized by constipation, and not diarrhea. (*See, e.g.,* Dkt. 6 at 406, 407, 650, 659, 664, 675, 680, 685, 695, 707, 708, 713, 750, 756, 760, 765). Plaintiff does not cite any medical treatment records addressing IBS treatment that were disregarded by the ALJ, and a lack of continued treatment is an appropriate consideration for the ALJ in assessing a limitation's severity. *See Susan B. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 225, 235 (D. Vt. 2021) (finding that lack of consistent treatment supported conclusion of non-severity); *Windom v. Berryhill*, No. 6:17-CV-06720-MAT, 2018 WL 4960491, at *3 (W.D.N.Y. Oct. 14, 2018) (holding that ALJ properly found Plaintiff's physical conditions non-severe where they were controlled or

minimally treated). The Court accordingly finds no error in the ALJ's determination of the severity of Plaintiff's IBS.

As discussed, simply because the ALJ concluded that Plaintiff's IBS was a non-severe impairment does not relieve him of the duty to consider it in connection with assessing the RFC. Rather, an RFC determination "must account for limitations imposed by both severe and nonsevere impairments." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012). "But the law only requires the ALJ to *evaluate* non-severe impairments in the RFC analysis, not to include limitations in the RFC. . . . To hold otherwise would defy logic: *requiring* an ALJ to limit a claimant's ability to work due to a non-severe impairment suggests that the non-severe impairment causes significant work limitations, which runs counter to the non-severity finding." *Catherine Jean D. v. Comm'r of Soc. Sec.*, No. 20-CV-1581-FPG, 2022 WL 4115367, at *3 (W.D.N.Y. Sept. 9, 2022) (citation omitted); *see also Maura B. C. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0294 (DEP), 2022 WL 2789102, at *6 (N.D.N.Y. July 15, 2022) ("'While the analysis at steps two and three concerns the functional effects of mental impairments, the RFC analysis at step four specifically considers *work-related* physical and mental activities in a *work setting*,' such that 'a finding at steps two or three does not automatically translate to an identical finding at step four.'" (quoting *Wells v. Colvin*, 87 F. Supp. 3d 421, 436 (W.D.N.Y. 2015))).

In formulating the RFC, the ALJ addressed opinion evidence relating to Plaintiff's physical limitations, including the opinion offered by Hongbiao Liu, M.D. (Dkt. 6 at 564-68). Dr. Liu examined Plaintiff on June 17, 2022. (*Id*. at 564). He noted that Plaintiff's chief complaint was chronic whole-body pain, fibromyalgia, and rheumatoid arthritis,

resulting in constant pain. (*Id.*). Plaintiff reported migraine headaches two to three times a week and asthma, for which she uses an inhaler. (*Id.*). Dr. Liu noted that Plaintiff had IBS since 2000, with diarrhea up to five times a day. (*Id.*). Dr. Liu opined:

> In my opinion, [Plaintiff] has mild limitation for prolonged walking, bending, kneeling, squatting, stair climbing, carrying heavy weights, and prolonged sitting and standing. [Plaintiff] may experience interrupted scheduled activity due to the migraine headache. [Plaintiff] should avoid dust and other irritating factors due to the asthma condition. [Plaintiff] may experience interrupted scheduled activity due to the IBS condition.

(*Id.* at 567).

The ALJ explained his reasoning for finding Dr. Liu's opinions unpersuasive:

> Dr. Liu did not provide details as [to] what would constitute "mild limitations" (See Ex. D9F) and, therefore, that opinion is unpersuasive. He also did not provide the frequency that [Plaintiff's] activities would be interrupt[ed] by her medical condition and if the claimant would still be able to adhere to a schedule despite these interruptions (Id.). Therefore, that opinion is also unpersuasive.

(*Id.* at 31-32). Importantly, Plaintiff has not challenged or attributed any error to the ALJ's assessment of Dr. Liu's opinion.

In addition to the evaluation of medical opinions, as set forth above, the ALJ appropriately considered Plaintiff's medical records in deciding that her IBS did not impose work-related limitations. The ALJ also addressed Plaintiff's hearing testimony in contrast to her activities of daily living, which include taking care of her two-year-old son, preparing simple meals, taking care of personal needs, washing dishes, doing laundry and housework, grocery shopping, and paying bills, and concluded that "the totality of evidence of record reflects greater retained physical, mental, and adaptive abilities than the claimant alleged" and that the overall medical evidence reflects stable symptoms with treatment.

(*Id.* at 27). These too were proper considerations. *See Daniel F. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00292 EAW, 2023 WL 6304722, at *7 (W.D.N.Y. Sept. 28, 2023) ("In addition, it is well-settled that an ALJ may consider the consistency of a claimant's activities of daily living with other evidence of record when evaluating credibility and determining the RFC.").

Overall, the objections raised by Plaintiff as to the sufficiency of the ALJ's severity determination amount to her disagreement with how the ALJ considered and resolved conflicting evidence in the record, which does not warrant remand. *See Kelinne O. o/b/o K.P.Q. v. Comm'r of Soc.* Sec., No. 523CV00812 (BKS/ML), 2024 WL 2027907, at *6 (N.D.N.Y. Apr. 16, 2024) ("Overall, the objections raised on Plaintiff's behalf amount to a disagreement with the ALJ's consideration of conflicting evidence in the record. [U]nder the substantial evidence standard of review, [however,] it is not enough for [p]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support her position." (citation modified)), *report and recommendation adopted*, 2024 WL 2023395 (N.D.N.Y. May 6, 2024).

**B. Migraines**

Plaintiff contends that the ALJ properly found that her migraines were a severe impairment but failed to explain how they were incorporated into the RFC finding. Although perhaps a closer question, again the Court disagrees.

Much like her IBS, the ALJ concluded that Plaintiff's statements about the intensity, persistence, and limiting effects of Plaintiff's migraine symptoms were inconsistent because she "showed improvement in her condition through treatment with her treating

physicians." (Dkt. 6 at 30). The ALJ noted treatment records reflecting normal cognition, normal speech and affect, and normal neurological findings. (*Id.* at 28-29, 31-32). Plaintiff's treatment records also reflected a lack of any significant treatment history for headaches. Largely unremarkable treatment records are an appropriate consideration by the ALJ. *Michael M. v. Comm'r of Soc. Sec.*, No. 5:23-CV-752 (DNH/DJS), 2024 WL 4110740, at *3 (N.D.N.Y. Aug. 15, 2024) ("[T]he ALJ was entitled to rely on the lack of any evidence suggesting Plaintiff had a back impairment."), *report and recommendation adopted*, 2024 WL 4107688 (N.D.N.Y. Sept. 6, 2024); *Rosemond R. v. Comm'r of Soc. Sec.*, No. 1:22-CV-225-DB, 2024 WL 3361809, at *4 (W.D.N.Y. July 10, 2024) ("In addition to the opinion evidence, the ALJ properly considered Plaintiff's treatment history, including Plaintiff's unremarkable examination findings and other objective medical evidence of record, and reasonably determined that Plaintiff retained the RFC to perform sedentary work.").

And in addition to the opinion from Dr. Liu, the ALJ considered medical opinion evidence from B. Stouter, M.D., and G. Zito, M.D., whose opinions he found persuasive, and neither of whom imposed any limitations regarding Plaintiff's migraines, notwithstanding their consideration of that limitation as a severe impairment. (*Id.* at 32, 111, 128). In finding those opinions persuasive, and the opinions of Dr. Liu unpersuasive, it is reasonable to conclude that the ALJ determined that no further limitations were warranted. Furthermore, while Plaintiff suggests that additional limitations accommodating her sensitivity to light and noise, nausea, or blurry vision should have been

included, no medical providers opined as much and therefore, it was not error for the ALJ to omit such limitations.

In sum, the ALJ's written determination, which spans 13 pages in length, adequately discusses the treatment records and each of the medical opinions in the record, and explains how he assessed the RFC. The limitations included in the RFC with respect to Plaintiff's IBS and migraines are supported by the evidence, including the opinion evidence, in the record. Plaintiff's arguments largely amount to a disagreement with the ALJ's weighing of the evidence, and it is not for the Court to reweigh the evidence, as it is the ALJ's duty to resolve conflicts among medical evidence in the record. *See Smith v. Berryhill*, 740 F. App'x 721, 725 (2d Cir. 2018) ("The ALJ could have reached a different conclusion on the disputed medical record, but we defer to the ALJ's disability determination when it is supported by substantial evidence."); *Bryan F. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0055-DB, 2021 WL 1737760, at *5 (W.D.N.Y. May 3, 2021) ("[I]t is within the ALJ's discretion to resolve genuine conflicts in the evidence. . . . In so doing, the ALJ may 'choose between properly submitted medical opinions.'" (citation modified)); *see also Donald A. v. Saul*, No. 1:19-CV-01146-MJR, 2021 WL 672043, at *6 (W.D.N.Y. Feb. 22, 2021) ("The presence of conflicting medical evidence is not uncommon, and it is the ALJ's duty to resolve those conflicts."). Accordingly, remand is not required.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 12) is granted and Plaintiff's motion (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 28, 2026
Rochester, New York